# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND K. HEDGESPETH, JR.,

    Petitioner,

    v.                                                                Case No. 07-C-914

BYRON BARTOW, Warden,
Wisconsin Resource Center,

    Respondent.

## ORDER PURSUANT TO RULE 4

Petitioner Raymond K. Hedgespeth, Jr., who is currently committed at the Wisconsin Resource Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also filed a motion to proceed in forma pauperis. The petitioner challenges his civil commitment as a sexually dangerous person under Wis. Stat. § 980. He challenges his commitment on a number of grounds.

To authorize a litigant to proceed in forma pauperis, the court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The petitioner's affidavit of indigence indicates that he has no money in his regular account at the Wisconsin Resource Center. Based on the foregoing, this court finds that the petitioner qualifies under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus.

Section 2254(a) states that "a district court shall entertain a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to his civil commitment.

Section 2254(b) generally requires that the petitioner "exhaust available state remedies, thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 842-46 (1999). In his petition, the petitioner asserts that he has "not brought these issues to any court." (Petition at 8). Thus, it is clear on the face of the petition, that the petitioner has not exhausted his state court remedies.

Therefore, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is appropriate since it plainly appears from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the instant petition will be dismissed without prejudice pursuant to Rule 4, Rules Governing Habeas Corpus Cases.

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion to proceed in forma pauperis is granted. (Docket #2).

**IT IS FURTHER ORDERED** that the instant petition be and hereby is **dismissed** without prejudice pursuant to Rule 4, Rules Governing Habeas Corpus Cases.

**IT IS ALSO ORDERED** that a copy of this order be and hereby is to be mailed to Gregory M. Weber, Assistant Attorney General, Wisconsin Department of Justice, Office of

Attorney General, P. O. Box 7857, Madison, Wisconsin 53701 and to the warden of the institution where the petitioner is incarcerated.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2007.

BY THE COURT:

s/ Rudolph T. Randa
Rudolph T. Randa
Chief United States District Court Judge